Moncure, P.,
delivered the opinion of the court.
The only question presented for our decision in this case is, whether, as the law now stands, and has stood since the 29th day of June 1870, a person engaged in the general business of merchandise and paying the tax assessed by law therefor, can purchase, sell, barter or exchange any kind of second-hand articles, junk, rags, old metals, or other like commodities, and keep a shop for that purpose, without having a license therefor ?
Undoubtedly he could, under the law which existed anterior to that day. By the act passed April 19,1867, Acts of Assembly 1866-67, p. 832, chap. 57, § 9, it was enacted, that “no keeper of a shop, other than a merchant duly licensed, shall without a license authorized by law, purchase, sell, barter or exchange any kind of secondhand articles, junk, old metals or other like commodities. The places at which such business may be conducted, shall be • kept open for the purchase or sale of any of the articles mentioned aforesaid ; nor shall any purchase he made by the keeper or keepers of any such place of business, or by any person or persons for them, *787 except between tbe hours of sunrise and sunset of each day ; and said places of business shall be open at all times to the inspection of any revenue or police officer of the county or corporation wherein the license issued. Every person receiving such license shall place up over the principal entrance of his or her place of business, a sign designating that he or she is licensed in conformity with the provisions of this act. Any person violating the provisions of this act shall pay a fine of not less than fifty nor more than one hundred dollars for each offence.” We thus see that by that act “ a merchant duly licensed” w'as expressly excepted from its operation.
JBut in the act approved June 29, 1870, Acts of Assembly 1869-70, p. 282, chap. 174, § 6, the words “ other than a merchant duly licensed,” which were in the former act, were omitted. In other respects the two acts are, substantially, and almost literally, the same. The effect of the omission of those words, however, plainly was, to require a person engaged in the general business of merchandize and paying the tax assessed by law therefor, as well as any other person, to obtain a license to cany on the junk business, in order to be authorized to do so.
It is argued that the words “ other than a merchant duly licensed,” were omitted in the act of June 29,1870, only because, since the adoption of the present constitution, a person engaged in the general business of merchandize has not been required to obtain a license, his business being taxed on the ad valorem principle ; and therefore these words would have been inappropriate in that act. And it is insisted that there is the same reason now as there was before the adoption of the present constitution, for exempting a person engaged in the general business of merchandize from the necessity of obtaining a license in order to be authorized to carry on the junk business ; that reason being, that as his general business of a merchant is taxed, he ought not to be sub *788 jected to a double tax in being required to obtain a to carry on the junk business ; which would he a Pai^ his general business as a merchant.'
But we do not think that the act of June 29, 1870, will admit of such a construction. If the Legislature had intended to exempt a person engaged in the general business of merchandize from the necessity of obtaining a license in order to be authorized to carry on the junk business, they could very easily have said so, and no doubt would have said so ; but they did not; and their language being plain, there is no rule of statutory construction which would authorize us to supply words, and thus give the act a different meaning from that which it expresses.
It appears that in this case, the auditor of public accounts was consulted by the plaintiff in error as to the necessity for his obtaining a license as a junk dealer, he being a regular merchant assessed with and paying tax as such on his capital stock and income according to law, and that the auditor, through his first clerk, informed the plaintiff in error, by a letter written to that effect, that he was not required to take out a license as a junk dealer ; and that in consequence of that letter he was not required by the commissioner of the revenue for the corporation of Fredericksburg to obtain such a license.
The opinion of the auditor in the construction of the revenue laws with which he has so much to do, and with which, therefore, he is generally so familiar, is certainly entitled to great respect; and his instructions to the subordinate revenue officers of the State are generally pursued by them; and properly so. The high chai’acter and known intelligence of the gentleman who now fills that office, and who gave the opinion above referred to, deservedly increase the weight and influence of all his opinions on subjects which relate to his official duties. But while these considerations ought, certainly, to have great weight on an application to the court and attorney *789 for the Commonwealth for a nolle prosequi in such case, or to the Legislature for a release of the fine which has been adjudged against the plaintiff in error, they cannot warrant us in reversing a judgment which we believe to be according to law.
In regard to the last assignment of error, “that so much of said act of June 29, 1870, as imposes a specific tax under section 6,. on the sale of junk, &c., is in conflict with sect. 4 of article 10, of the State constitution, inasmuch as the junk business can be reached by the ad valorem system of taxation we are of opinion that no such conflict appears to exist. A great deal is necessarily left by the constitution, to the discretion of the Legislature, in determining what kind of business “ cannot be reached by the ad valorem system,” and may, therefore, be made the subject of a license tax. The only guide which the constitution affords us in this enquiry is, the enumeration of certain pursuits which are specified as subjects on which a license tax may be imposed. Following that guide, we cannot say that the junk business, as it is called, is any more within the reach of the ad valorem system than the business of selling ardent spirits, the business of an itinerant pedlar, of a commission merchant, or a sample merchant; all of which are embraced in the express enumeration.
"We are, therefore, of opinion that there is no error in the judgment, and that it be affirmed.
Judgment affirmed.